IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONNA MARIE BARRY,<br>　　　Plaintiff,<br><br>v.<br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY,<br>　　　Defendant. | §<br>§<br>§<br>§　　Civil Action No. 5:23-cv-416<br>§<br>§<br>§<br>§ |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Meridian Security Insurance Company ("Meridian") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

***Procedural Background***

1.　On February 13, 2023, Plaintiff Donna Marie Barry filed her Original Petition ("Original Petition") in the 225th Judicial District Court of Bexar County, Texas under Cause No. 2023CI02953 and captioned *Donna Marie Barry v. Meridian Security Insurance Company*. Meridian was served with citation on March 6, 2023 and filed its Original Answer on March 25, 2023.

***Nature of the Suit***

2.　This lawsuit involves a dispute over Meridian's handling of Plaintiff's insurance claim for damages allegedly sustained due to water damage resulting from a burst pipe at the residential property located at 13806 Flying W Trail, Helotes, Texas. Plaintiff asserts causes of action against Meridian for breach of contract, noncompliance with the Texas Insurance Code (Unfair Settlement Practices), noncompliance with the Texas Insurance Code (The Prompt

Payment of Claims), breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.

### Basis for Removal

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that the property, which Plaintiff insured through Meridian, sustained water damage.[2] Plaintiff seeks damages for Meridian's alleged failure to pay what was owed under the terms of the insurance contract.[3] The Policy in effect on the reported date of loss was a Protection Plus Homeowners Policy with coverage limits of $382,140 for the dwelling and $267,498 for personal property. In addition, Plaintiff seeks to regain the benefit of the bargain, actual damages (including the loss of benefits owed and mental anguish), punitive damages, compensatory damages (including additional costs, economic hardship, losses due nonpayment), additional damages, consequential damages, treble damages, pre-judgment interest, post-judgment interest,

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* Exhibit A, Original Petition at page 2.
[3] *See* Exhibit A, Original Petition at pages 2-3.

exemplary damages, damages for emotional distress and mental anguish.[4]  Plaintiffs also seek attorney fees for bringing this suit.[5]

5. Plaintiff pleads in her Original Petition that she seeks "only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs."[6]  Additionally, Plaintiff made a pre-litigation demand on August 31, 2022, in which Plaintiff asserted damages totaling $203,340.36 (including costs of repairs, interest, damages, including mental anguish, and attorney's fees).[7]  Consistent with the amount sought in the Petition and settlement demand, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.  Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B.     Complete Diversity Exists Among the Parties**

6. Upon information and belief, Plaintiff was a citizen of Texas when the Petition was filed, and Plaintiff continues to be a citizen of Texas.

7. Meridian is a company organized under the laws of the State of Indiana with its principal place of business at 12900 Meridian Street, Suite 200, Carmel, Indiana 46032.  Accordingly, complete diversity exists between Plaintiffs and Meridian.

*The Removal is Procedurally Correct*

8. Meridian was first served with the Original Petition in District Court on March 6, 2023.  Therefore, Meridian files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

---

[4] *See* Exhibit A, Original Petition at pages 12-14.
[5] *See* Exhibit A, Original Petition at page 14-15.
[6] *See* Exhibit A, Original Petition at page 12.
[7] *See* Exhibit B, Demand Letter

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Meridian files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 225th Judicial District for Bexar County, Texas, promptly after Meridian files this Notice.

WHEREFORE, Meridian Security Insurance Company requests that this action be removed from the 225th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:  (210) 227-2200
Facsimile:  (210) 227-4602
dstephens@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*

COUNSEL FOR DEFENDANT MERIDIAN
SECURITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this __5th__ day of **April, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

Chad T. Wilson
Amanda J. Fulton
CHAD T. WILSON LAW FIRM PLLC
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

David R. Stephens